McCLENDON, J.,
concurs and assigns reasons.
11 While I question the majority’s analysis regarding the shifting of the burden of proof on Georgia-Pacific’s motion for summary judgment, I need not address the correctness of same, finding that there is a procedural defect that renders summary judgment improper. Specifically, Louisiana Code of Civil Procedure article 966 D requires that the “court shall hear and render judgment on the motion for summary judgment within a reasonable time.” (Emphasis added.) Because a review of the record clearly shows that Georgia-Pacific’s motion for summary judgment was never heard, nor was the request for a hearing waived, the grant of the motion for summary judgment was inappropriate.
The hearing on the motions for summary judgment filed by numerous defendants, including Georgia-Pacific, was set *338 for January 19, 2010.[1] At the hearing, the plaintiffs moved for a judgment of dismissal of all claims against Georgia-Pacific and Union Carbide without prejudice pursuant to LSA-C.C.P. art. 1,1671.[2] Counsel for the plaintiffs then stated, “If the court is inclined to deny the request for dismissal without prejudice, then we’ll withdraw the request and pursue [sic] with the motions, your Honor, the remaining motions.” Counsel for Georgia-Pacific responded by stating that after an appearance, the court may refuse to grant a judgment of dismissal pursuant to LSA-C.C.P. art. 1671 except with prejudice and that counsel for plaintiffs had admitted that if plaintiffs lost their expert, they could not prove their case. Georgia-Pacific then moved for a dismissal with prejudice.[3] Union Carbide echoed Georgia-Pacific’s statements and also requested dismissal with prejudice. The trial court then granted the motions of Georgia-Pacific and Union Carbide “to be dismissed with prejudice.” Thereafter, a judgment was signed by the trial court granting Georgia-Pacific’s motion to dismiss plaintiffs’ claims with prejudice and indicating that the dismissal had been made pursuant to LSA-C.C.P. art. 1671.[4]
At the February 2, 2010 hearing, when plaintiffs’ counsel was discussing their motion for new trial on the granting of the motion to dismiss Georgia-Pacific and Union Carbide with prejudice, the trial court indicated that at the January hearing it denied plaintiffs’ request to continue the summary judgment hearings and that it went forward with the summary judgment hearings. Counsel for the plaintiffs reminded the trial court that plaintiffs stated at that time that if the court was not willing to dismiss the two defendants without prejudice, plaintiffs wished to withdraw that request and proceed to trial. Counsel stated that at no time did plaintiffs request dismissal with prejudice and also objected to same. After further argument by counsel, the trial court stated, “I did not act under 1671. I granted motions for summary judgment by Union Carbide and Georgia-jPacific3 and dismissed with prejudice both of those entities. That’s what happened on January the 19th.”
Although the trial court may have stated otherwise, the record fails to establish that there was ever a hearing on Georgia-Pacific’s motion for summary judgment or that plaintiffs were allowed to argue in opposition to same. Nor do I find that the hearing on the motion was waived since plaintiffs clearly stated that they were prepared to go forward if the motion to dismiss without prejudice was not granted. Because the record shows that the plaintiffs did not waive their right to be heard on the motions for summary judgment and because the record does not reflect that a hearing was ever held on Georgia-Pacific’s motion for summary judgment, I agree that that summary judgment was incor *339 rectly granted. Therefore, I respectfully concur.

. The hearing on the motion to strike a portion of the testimony of Dr. Eugene Mark was also set for that date.

. Louisiana Code of Civil Procedure article 1671 provides:
A judgment dismissing an action without prejudice shall be rendered upon application of the plaintiff and upon his payment of all costs, if the application is made prior to any appearance of record by the defendant. If the application is made after such appearance, the court may refuse to grant the judgment of dismissal except with prejudice.

. However, plaintiffs also asserted in their opposition to the motion for summary judgment that causation was not properly raised by defendant, merely exposure. The trial court had previously granted Sherwin-Williams's motion to strike a portion of Dr. Mark’s opinion testimony.

. This judgment was later vacated by the trial court.